IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| HANH H. NGUYEN | § | |
| AND | § | |
| HONG VAN TRAN | § | |
| | § | |
| VS. | § | C.A. NO. 1:25-CV-00036 |
| | § | |
| DUNG NGUYEN, Captain of the vessel | § | |
| DYNO MIKE and owned by | § | |
| L&C MARINE, LLC | § | |
| AND | § | Pursuant to Rule 9(h) of |
| JOHN DOE, Captain of the vessel | § | the Federal Rules of Civil |
| M.A.R.S. TITAN and owned by | § | Procedure-ADMIRALITY |
| MODERN AMERICAN RECYCLING | § | |
| SERVICES, INC. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HANH H. NGUYEN and HONG VAN TRAN, Plaintiffs in the above-styled and numbered civil action, and through their attorneys of record file this First Amended Complaint complaining of DUNG NGUYEN, Captain of the vessel, DYNO MIKE and owned by L&C MARINE, LLC and JOHN DOE, Captain of the vessel M.A.R.S. TITAN and owned by MODERN AMERICAN RECYCLING SERVICES, INC., and for cause of action, would show this Honorable Court the following:

I.

This Court has jurisdiction pursuant to 28 U.S.C. §1333 (1), as this matter involves claims for personal injuries to a seaman aboard a vessel in navigation. This is an admiralty or maritime claim within the meaning of Rule 9(h).

Upon information and belief, venue is proper in the Beaumont Division because Defendants maintain sufficient minimum contacts through its conducting of regular operations in and out of

Jefferson County such that it is reasonably foreseeable that the Defendants would be hailed into Court in Jefferson County, Texas.

II.

This claim is maintained under General Maritime Law of unseaworthiness and negligence, the Jones Act and common law negligence.

III.

Plaintiff, HANH H. NGUYEN, is a resident of Port Arthur, Jefferson County, Texas.

Plaintiff, HONG VAN TRAN, is a resident of Houston, Harris County, Texas.

Defendant, DUNG NGUYEN, is an individual residing in the State of Texas, who was served at his home address, 2308 Willow Nederland, Jefferson County, Texas 77627 on February 5, 2025.

Defendant, JOHN DOE is an individual whose identity, at the time of the filing of this Original Complaint, is unknown to Plaintiffs. Once discovery has been undertaken, Plaintiffs will amend this complaint and substitute the correct name in place of the pseudonym and seek appropriate service of process thereafter. Until the identity of this individual has been ascertained Plaintiff will proceed against said Defendant under a pseudonym.

Defendant, L&C MARINE, LLC, is an entity who has its principal place of business in Jefferson County, Texas, and was served with summons at 2308 Willow Run, Nederland, Texas 77627 on February 5, 2025.

Defendant, MODERN AMERICAN RECYCLING SERVICES, INC., is an entity who has extensive contacts within Texas. Indeed, based on information and belief, Defendant MODERN AMERICAN RECYCLING SERVICES, INC. conducts business in Texas as it holds itself out as the "largest barge dismantler and offshore decommissioning provider in the United States." It

states it "an international company with offices and representatives all over the world." It is a company engaged in the business of "rig decommissioning, dismantling, and large-scale vessel recycling worldwide" and employs "350 dedicated associates across the Gulf Coast region. It is believed that the M.A.R.S. TITAN navigates in Texas waters on a regular basis and did so on the voyage forming the basis of this suit. This Defendant has appeared and answered herein through counsel.

IV.

Plaintiffs would show that this lawsuit has become necessary as a result of personal injuries received on or about January 28, 2022. On said date, Plaintiffs were employed on a commercial fishing boat operated by DUNG NGUYEN and Plaintiffs were aboard as seamen on the vessel "DYNO MIKE" which was operated by DUNG NGUYEN and owned by L&C MARINE, LLC. The commercial fishing boat "DYNO MIKE" is based in Nederland, Jefferson County, Texas and had set sail on the voyage at issue from its home port in Texas. Defendant JOHN DOE was on his vessel, M.A.R.S. TITAN, which Plaintiffs believe was navigating in international waters off the coast of Texas. Plaintiffs were injured while in the course of their employment and while working under the control and supervision of DUNG NGUYEN. Plaintiffs' injuries were as a result of Defendants DUNG NGUYEN and JOHN DOE's negligence and such negligence was a proximate cause of said injuries, when Defendants' vessel struck the vessel in which Plaintiffs were working.

V.

On January 28, 2022, Plaintiff, HANH H. NGUYEN injured his head (headaches), neck, both shoulders, back, right wrist and fingers. All of the aforesaid injuries occurred as a proximate result of the negligence of Defendants, either collectively and/or singularly and/or were the producing cause of the unsafe and/or unseaworthy condition of the vessels "DYNO MIKE" and/or

"M.A.R.S. TITAN".

VI.

Plaintiffs further state that Defendants have unreasonably, arbitrarily, capriciously and willfully refused to pay maintenance and cure to Plaintiffs in such sums as were due and owing. As a result of Defendants' arbitrary and capricious denial to pay proper maintenance and cure, Plaintiffs are entitled to recovery of damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of their injuries, pain and suffering, and additional medical expenses. Plaintiffs state that, in addition to such maintenance and cure benefits as they are entitled, it is necessary to engage attorneys to represent them in the maintenance and cure action, and that they are entitled to and bring this suit for reasonable attorneys' fees for the collection of the maintenance and cure benefits due them. Therefore, Plaintiffs seek these damages.

VII.

At all times material hereto, Defendant JOHN DOE owned, operated and/or controlled the vessel "M.A.R.S. TITAN, LLC" or, in the alternative, on information and belief, Defendant JOHN DOE was the owner *pro hac vice* and/or was in control of the "M.A.R.S. TITAN".

VIII.

Plaintiffs' injuries occurred as a proximate result of the unsafe and unseaworthy condition of the vessel "M.A.R.S. TITAN" and its appurtenances and/or equipment, either in whole or in part, as a proximate result of negligence and lack of attention on the part of Defendants, their agents, servants and/or employees, acting in the course and scope of their employment and agency.

IX.

Plaintiffs HANH H. NGUYEN and HONG VAN TRAN have sustained a loss of earning capacity in the past and, in all reasonable probability, will continue to sustain a loss of earning

capacity in the future.

Plaintiffs HANH H. NGUYEN and HONG VAN TRAN have incurred reasonable and necessary medical expenses in the past and, in all reasonable medical probability, will incur reasonable and necessary medical expenses in the future.

Plaintiffs HANH H. NGUYEN and HONG VAN TRAN have suffered physical pain and suffering in the past and, in all probability, will continue to suffer physical pain in the future.

Plaintiffs HANH H. NGUYEN and HONG VAN TRAN have suffered mental anguish in the past and, in all reasonable probability, will continue to suffer mental anguish in the future.

Plaintiffs HANH H. NGUYEN and HONG VAN TRAN have suffered physical disfigurement in the past and, in all reasonable probability, will continue to suffer physical disfigurement in the future.

Plaintiffs HANH H. NGUYEN and HONG VAN TRAN have suffered physical impairment in the past and, in all probability, will continue to suffer physical impairment in the future.

Plaintiffs HANH H. NGUYEN and HONG VAN TRAN, due to his injuries, may incur charges of rehabilitation services both in the past and into the future.

All of the aforesaid damages were proximately caused by the negligence of Defendants herein and/or the unseaworthiness of the vessel for which Plaintiff now herein sues.

X.

Plaintiffs HANH H. NGUYEN and HONG VAN TRAN request a jury trial

XI.

Pleading further, and in the alternative, if it be shown that Plaintiff HANH H. NGUYEN and HONG VAN TRAN, were suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated by the occurrence made the basis of this lawsuit.

## XII.

WHEREFORE PREMISES CONSIDERED, Plaintiffs, HANH H. NGUYEN and HONG VAN TRAN, respectfully request that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants, jointly and severally, for all actual damages sustained as requested herein in the sum of at least THREE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($350,000.00), together with cost of suit, pre- and post-judgment interest, and for such other and further relief, both general and special, at law and/or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**NAVA LAW GROUP, P.C.**

By: */s/ Joseph R. Corteguera*
Joseph R. Corteguera
SBN: 0078291
Federal Nio. 28249
Richard Jason Nava
State Bar No. 24083552
4909 Bissonnett Street., Suite 100
Bellaire, Texas 77401
Telephone No.: 713/661-9900
Telecopier No.: 713/666-5922
E-mail: eserviceJRC@navalawgroup.com
***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of June, 2025, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by ECF filing, telephonic document transfer, messenger, hand delivery, express delivery, and/or certified mail, return receipt requested.

**VIA E-SERVE**
Gavin H. Guillot, *Lead Attorney*
Texas Bar No. 24099123
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Gavin.Guillot@pjgglaw.com
**ATTORNEY FOR DEFENDANT MODERN AMERICAN RECYCLING SERVICES, INC.**

                                                    */s/ Joseph R. Corteguera*
                                                    **JOSEPH R. CORTEGUERA**